UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| DALLAS BUYERS CLUB, LLC, a Texas limited liability company,<br><br>                                        Plaintiff,<br>v.<br><br>DOE-72.197.35.160,<br>                                        Defendant. | Case No.:  15cv1614-BAS (DHB)<br><br>**ORDER GRANTING IN PART PLAINTIFF'S SECOND EX PARTE MOTION FOR LEAVE TO ISSUE TWO FRCP 45 SUBPOENAS AND MOTION FOR ADDITIONAL TIME TO SERVE COMPLAINT**<br><br>**[ECF No. 12]** |
|---|---|

On July 21, 2015, Plaintiff filed a Complaint against Doe, a subscriber assigned IP address 72.197.35.160 ("Defendant").  (ECF No. 1.)  Plaintiff alleges a single cause of action for direct copyright infringement of the motion picture *Dallas Buyers Club*.  On August 20, 2015, the Court granted Plaintiff leave to subpoena records from Cox Communications in order to learn the identity of the account holder assigned to the IP address. (ECF No. 6.)  The Court permitted the early discovery so that Plaintiff would be able to identify and serve Defendant.  Plaintiff now requests leave to issue two additional Rule 45 subpoenas and for additional time to serve the complaint.  (ECF No. 12.)  Good cause appearing, Plaintiff's motion is **GRANTED IN PART**.

1

## I. DISCUSSION

The purpose of early discovery in an action such as this is "to permit the plaintiff to learn the identifying facts necessary to permit service on the defendant." *Columbia Ins. Co. v. Seescandy.com*, 185 F.R.D. 573, 577 (N.D. Cal. 1999) (citing *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980)). Plaintiff has set forth the measures it has taken to date to identify Defendant. After obtaining the name and address of the subscriber associated with IP address 72.197.35.160, Plaintiff has determined that that the subscriber may not be the actual infringer. In particular, Plaintiff states that it has learned that at the time of the infringing activity, the subscriber shared a student apartment with other individuals. Plaintiff has been in contact with the subscriber's father, who indicated that it was one of the other individuals, and not the subscriber, who was responsible for the copyright infringement alleged in this action. However, Plaintiff has been unsuccessful in learning the identity of the other individual or the current location of the subscriber. Therefore, Plaintiff seeks permission to subpoena the subscriber's father for a deposition. Plaintiff also seeks permission to subpoena records from the subscriber's former apartment complex in an attempt to learn the identity of the other individuals who resided with the subscriber during the time of the infringing activity. The Court finds that Plaintiff has demonstrated diligent efforts to identify the actual infringer, and that it is appropriate to permit Plaintiff to subpoena the apartment complex to assist in those efforts. However, the Court finds that it would be unduly burdensome to permit the third party deposition of the subscriber's father at this time. Plaintiff should exhaust other less burdensome discovery methods before deposing non-party witnesses.

Plaintiff further requests leave for additional time to serve the summons and complaint. In light of the fact Plaintiff has been unable to identify and serve Defendant, the Court finds good cause to extend time for service of the summons and the complaint for an additional sixty (60) days.

///

///

## II. CONCLUSION

For the reasons set forth above, Plaintiff's Second *Ex Parte* Motion for Leave to Issue Two FRCP 45 Subpoenas and Motion for Additional Time to Serve the Complaint is **GRANTED IN PART**, as follows:

1. At this time, the Court denies Plaintiff's request to serve a Rule 45 deposition subpoena on Mike R. Ahmari.

2. Plaintiff may serve a Rule 45 subpoena on the Sterling Alvarado Apartments for rental records for 6625 Alvarado Road, Unit 4406, San Diego, California 92120. The subpoena shall only request records related to the time period associated with the alleged infringing activity.

3. Plaintiff is granted and additional sixty (60) days under Rule 4(m) to serve the summons and complaint.

**IT IS SO ORDERED.**

Dated: December 9, 2015

Hon. David H. Bartick
United States Magistrate Judge