# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DALLAS BUYERS CLUB, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>MICHAEL AHMARI,<br><br>    Defendant. | Case No. 15-cv-1614-BAS-BGS<br><br>**ORDER GRANTING MOTION TO SET ASIDE DEFAULT** |

On May 6, 2016, the Clerk of the Court entered default against Michael Ahmari ("Ahmari"). (ECF No. 25.) On the same day, Ahmari filed a notice of objection to the default (ECF No. 26) to which Plaintiff replied. (ECF No. 28.) On May 16, 2016, Ahmari moved to set aside the entry of default. (ECF No 29.) Plaintiff opposes. (ECF No. 30.)

The Court finds this motion suitable for determination on the papers submitted and without oral argument. *See* Civ L.R. 7.1(d)(1). For the following reasons, the Court **GRANTS** Ahmari's Motion to set aside the default.

**I.   BACKGROUND**

On July 21, 2015, Plaintiff commenced this action, alleging a single cause of action for direct copyright infringement of the motion picture *Dallas Buyers Club,*

against John Doe. (ECF No. 1.) The Court granted Plaintiff's motion to expedite discovery to ascertain the identity of the Defendant in the complaint. (ECF No. 6.)

Plaintiff obtained the name and address of Michael Ahmari as the subscriber associated with the IP address alleged to have committed the infringing conduct. However, Plaintiff informed the Court that Ahmari may not be the actual infringer as he shared a student apartment with other individuals. (ECF No. 12.) Therefore, Plaintiff requested permission to subpoena Ahmari's father for deposition and to subpoena records from Ahmari's former apartment complex in an attempt to learn the identity of the other individuals who resided with Ahmari at the time of the infringing activity. (*Id*.) The Court granted the latter but denied the former as "unduly burdensome." (ECF No. 14.)

Despite uncertainty as to the actual infringer, Plaintiff requested the Court's permission to name Ahmari in the Complaint with leave to amend after depositions if those depositions showed that Ahmari was not the infringer and if the identity of the infringing party could be determined. (ECF No. 15.) In the alternative, Plaintiff asked for leave to issue an FRCP 45 third party subpoena for the deposition of Ahmari. (*Id*.) The Court denied both requests. (ECF No. 16.)

Plaintiff then requested leave to take the deposition of Ahmari by written depositions. (ECF No. 17.) The Court denied this request as well. (ECF No. 18.)

Thereafter, on March 5, 2016, despite admissions that Plaintiff was not sure whether Ahmari had committed the infringing conduct or not, Plaintiff filed a First Amended Complaint ("FAC") naming Ahmari as the defendant. (ECF No. 20.) On April 6, 2016, Ahmari was served with the FAC. (ECF No. 23.)

After service, a flurry of communications ensued between Plaintiff's and Ahmari's counsel, in which Ahmari adamantly denied being the infringer, Plaintiff offered to dismiss if Ahmari would take a polygraph and identify who might be the infringer, Plaintiff insisted that Ahmari's counsel file an answer, and Ahmari's counsel insisted that he did not want to incur the legal fees of answering if the case

was going to be dismissed. (ECF No. 30, Exs. 1-5.) Plaintiff clearly informed Ahmari's counsel that if Ahmari did not file an answer by the end of the day on May 6, 2016, Plaintiff would move for default. (*Id.*) Ahmari's counsel responded by saying he would not file an answer when Plaintiff had promised to dismiss. (*Id.*) Thus, on May 6, 2016, Plaintiff filed a Request for Entry of Clerk Default, which was granted. (ECF No. 24, 25.) Ahmari immediately filed on objection (ECF No. 26), and on May 16, 2016, filed this Motion to set aside the entry of default. (ECF No. 29.)

## II.  LEGAL STANDARD

If a complaint is properly served, failure to make a timely answer or otherwise defend will justify entry of default. Fed. R. Civ. P. 55(a). Under Rule 55(c) of the Federal Rules of Civil Procedure, the court "may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). The court's good cause analysis considers the following three so-called "*Falk* factors": "(1) whether the plaintiff will be prejudiced, (2) whether the defendant has [no] meritorious defense, and (3) whether culpable conduct of the defendant led to the default." *Brandt v. Am. Bankers Ins. Co. of Fla.,* 653 F.3d 1108, 1111 (9th Cir. 2011) (quoting *Falk v. Allen,* 739 F.2d 461, 463 (9th Cir. 1984)). These factors are disjunctive and a district court may deny a motion to set aside default if any of the three factors is true. *Franchise Holding II, LLC v. Huntington Rests. Grp., Inc.,* 375 F.3d 922, 926 (9th Cir. 2004). Nonetheless, a district court is not, as a matter of law, required to deny a motion to set aside entry of default upon a finding of any of the factors. *See Brandt,* 653 F.3d at 1111. The defendant moving to set aside default bears the burden of showing that any of these factors favor setting aside default. *Id.*

Notably, "[j]udgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits." *Falk,* 739 F.2d at 463. Thus, "[w]here timely relief is sought from a default … and the movant has a meritorious defense, doubt, if any should be resolved in favor of the

motion to set aside the [default] so that cases may be decided on their merits." *Mendoza v. Wight Vineyard Mgmt.,* 783 F.2d 941, 945-46 (9th Cir. 1986) (quoting *Schwab v. Bullock's Inc.,* 508 F.2d 353, 355 (9th Cir. 1974)). The court has broad discretion in setting aside entry of default. *Id.* at 945.

### III.   ANALYSIS—FALK FACTORS

#### A. Culpability

Plaintiff argues that the Motion to set aside the default should be denied because Ahmari's counsel knew that an answer was due and still failed to file an answer, thus showing culpable conduct under the "*Falk* factors." A defendant's conduct is culpable if he "received actual or constructive notice of the filing of the action and *intentionally* failed to answer." *TCI Grp. Life Ins. Plan v. Knoebber,* 244 F.3d 691, 696 (9th Cir. 2001) (emphasis in original) (citation omitted), overruled in part on other grounds by *Egelhoff v. Egelhoff ex rel. Breiner,* 532 U.S. 141 (2001). The term "intentionally" does not mean a court can treat a defendant as culpable "simply for having made a conscious choice not to answer; rather, to treat a failure to answer as culpable, the movant must have acted with bad faith, such as an intention to take advantage of the opposing party, interfere with judicial decision-making, or otherwise manipulate the legal process." *United States v. Signed Pers.Check No. 730 of Yubran S. Mesle,* 615 F.3d 1085, 1092 (9th Cir. 2010) (internal quotations omitted). "Neglectful failure to answer as to which the defendant offers a credible, good faith explanation negating any intention to take advantage of the opposing party, interfere with judicial decision-making, or otherwise manipulate the legal process is not 'intentional.'" *TCI Grp.,* 244 F.3d at 697. Such conduct is not *necessarily* culpable or inexcusable, although it may be "once the equitable factors are considered." *Id.* at 698.

In this case, Ahmari's counsel has offered a credible, good faith explanation for his failure to file an answer, namely he believed that a dismissal of his client was soon to be obtained and he did not want to saddle his client (or the opposing side)

with the costs of filing an answer. Considering the additional factors, as discussed below, the Court finds it was not defendant's culpable conduct that led to the default.

### B. Meritorious Defense

The underlying concern of this factor "is to determine whether there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default." *Hawaii Carpenters' Trust Funds v. Stone,* 794 F.2d 508, 513 (9th Cir. 1986). The party in default is therefore required to make "some showing of a meritorious defense." *Id.* Notably, "the standards for setting aside entry of default under Rule 55(c) are less rigorous than those for setting aside a default [judgment]." *Id.*

In this case, the Court finds it particularly significant that Plaintiff has repeatedly expressed concern to the Court that Ahmari may not be the infringing party. Plaintiff expressed frustration that Ahmari was not cooperating with identification of who this infringing party may be, but asked the Court several times for additional discovery to attempt to ascertain who the infringing party actually was. The Court denied these requests, and nonetheless Plaintiff filed a FAC against Ahmari. Ahmari has denied being the infringing party, and given Plaintiff's uncertainty in this regard, it appears Ahmari may have a meritorious defense.

### C. Prejudice

Prejudice is determined by whether Plaintiff's ability to pursue its claim will be hindered. *See TCI Grp.,* 244 F.3d at 701 (citing *Falk,* 739 F.2d at 463). "To be prejudicial, the setting aside of a judgment must result in greater harm than simply delaying resolution of the case." *Id.* Rather, "the delay must result in tangible harm such as loss of evidence, increased difficulties of discovery, or greater opportunity for fraud or collusion." *Id.* (quoting *Thompson v. Am. Home Assurance Co.,* 95 F.3d 429, 433-34 (6th Cir. 1996)). Being forced to litigate on the merits cannot be considered prejudicial for purposes of reversing an entry of default. *Id.* Vacating the entry of default "merely restores the parties to an even footing in the litigation." *Id.*

Plaintiff cites no evidence that ability to pursue its claims will be hindered by setting aside the default. In fact, Plaintiff must have anticipated that Ahmari would immediately file a motion to set aside the default as he did.

## IV. CONCLUSION

All three Falk-factors support vacating the entry default. Therefore, the Court **GRANTS** Ahmari's Motion to set aside the entry of default. (ECF No. 29.) Ahmari is ordered to file an Answer no later than **June 17, 2016**.

**IT IS SO ORDERED.**

**DATED: June 9, 2016**

Hon. Cynthia Bashant
United States District Judge